IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CASE NO. CR 195-058 |
| | * | |
| CHRISTOPHER L. JEBURK | * | |

O R D E R

In the captioned criminal case, Defendant Christopher L. Jeburk was sentenced by this Court on July 11, 1996 to imprisonment for life plus five years for the crimes of conspiracy to commit armed bank robbery, kidnapping, armed bank robbery, using and carrying a firearm during a crime of violence, car jacking, and interstate transportation of a stolen motor vehicle. He was ordered to pay a special assessment of $300, restitution in the amount of $89,270, and a fine in the amount of $50,000. As of March 6, 2008, a total of only $4,054.08 had been paid.

On December 27, 2007, the United States, pursuant to 28 U.S.C. § 3205(b)(1), filed a motion for a writ of continuing garnishment to Inez Deposit Bank (the "Bank") located in Inez, Kentucky. The Government had learned that Defendant maintains a savings account in the bank that had a balance of $18,005.[1]

---

[1] According to the Government, when the garnishee Bank answered the Writ of Garnishment, it stated that the balance

On January 3, 2008, this Court issued the writ of continuing garnishment to the Bank having determined that the Government had met the requirements of § 3205(b). On January 22, 2008, the garnishment was served upon the Bank. It also sent notice of the garnishment and a pre-printed "Claim for Exemption Form" to Defendant at his place of incarceration, USP - Big Sandy in Inez, Kentucky.

On February 25, 2008, Defendant filed a response to the notice of garnishment in which he objected to the garnishment on the pre-printed form claiming two exemptions: (1) a "Workmen's Compensation" exemption; and (2) a "Minimum exemption[] for wages, salary and other income." Defendant also requested a hearing and asked that the proceeding be transferred to the Eastern District of Kentucky, in which he is incarcerated. Unfortunately, the request for a hearing was inadvertently overlooked, and it was not docketed as a motion, which allowed it to remain unnoticed by the Court.

It was not until Defendant filed a motion to dissolve the writ of garnishment on August 1, 2008, that the Court learned of Defendant's objection and request for a hearing. The Government opposed Defendant's motion on August 18, 2008. Defendant recently filed a reply brief, in which he explains that all but approximately $8,000 of the Bank balance are

---

was $23,058.44.

2

proceeds from his share of a worker's compensation settlement involving his deceased father. Thus, Defendant maintains that all but approximately $8000 should be exempted under the worker's compensation exemption.

I. Jurisdiction

Defendant requests that this matter be transferred to the Eastern District of Kentucky, claiming that he is outside of this Court's jurisdiction.

In pursuing recovery of the money owed by Defendant, the Government has utilized the procedures of the Fair Debt Collection Procedure Act (the "Act"), 28 U.S.C. §§ 3001-3308. Pursuant to § 3004(b)(2) under the Act, a debtor may request that a proceeding be transferred to the district court in which the debtor resides. However, the Act also provides that if "another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply . . . ." Id. § 3001(b). Sections 3611-15 of Title 18 of the Mandatory Victims Restitution Act of 1996 ("MVRA") set out procedures for the collection of unpaid fines and restitution imposed as part of a criminal judgment. Those provisions give sentencing courts continuing jurisdiction over defendants they have sentenced, and those provisions take precedence over the provisions of the Fair

3

Debt Collection Procedure Act. Allowing transfer of any part of this enforcement proceeding to another court would be inconsistent with the Congressional intent evidenced in the MVRA for sentencing courts to supervise compliance with the judgments to which criminal defendants are subject. Accordingly, Defendant's request to transfer this matter to another district is denied.

II. Motion to Quash

When the United States seeks to collect a judgment by garnishment, the procedure to do so is set out in 28 U.S.C. § 3205. Once the writ has been served, the defendant/debtor may claim exemptions but there is no specific statutory method for objecting to the writ itself. See 28 U.S.C. § 3205(c)(1) ("If the court determines that the requirements of this section are satisfied, the court shall issue an appropriate writ of garnishment."); id. § 3205(c)(3)(B) ("The United States shall serve . . . the judgment debtor with a copy of the writ of garnishment . . . . The writ shall be accompanied by . . . instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections."). The Act does provide, however, that a judgment debtor may move to quash a writ of garnishment. See id. § 3205(c)(10).

4

In the instant case, the Government met the requirements for issuance of the writ and then properly notified Defendant of the writ. In turn, Defendant properly filed his objections and requested a hearing. Defendant has now properly filed a motion to dissolve the writ of garnishment against his bank account.

The only anomalous procedural issue in this case is the failure of this Court to recognize Defendant's request for a hearing until August 2008. Indeed, the Act provides: "The court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable . . . ." Id. § 3205(c)(5).

Defendant contends that this Court must dissolve the writ of garnishment because of the failure to grant him a hearing within 10 days of his request. Defendant cites to no case law to support this contention. Indeed, I have determined that the Government has not failed to comply with any statutory requirement for obtaining the writ of garnishment, and thus, is will not be dissolved. Rather, the Court will give Defendant the process that he is due under the Act - a hearing. Accordingly, Defendant's motion to dissolve the writ of garnishment is **DENIED**.

III. Conclusion

Upon the foregoing, this Court will conduct a hearing on the issue of whether any part of the savings account held in Defendant's name at the Inez Deposit Bank, which is currently subject to a writ of garnishment, is subject to an exemption under the applicable federal law. Said hearing will take place on November 12, 2008, at 10:00 a.m., in Courtroom 2 of the United States Courthouse in Augusta, Georgia. The presence of Defendant Christopher L. Jeburk is required; the Clerk is directed to issue a writ to the warden of USP - Big Sandy in Inez, Kentucky securing his presence. The Clerk is further directed to serve a copy of this Order upon the United States Government, Defendant Jeburk, and the Inez Deposit Bank.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of October, 2008.

UNITED STATES DISTRICT JUDGE