# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

CHRISTOPHER LAWRENCE ) 
JEBURK, ) 
 ) 
    Petitioner, ) 
 ) 
v. )   Case No. CV608-101 
 ) 
WARDEN, *Emanuel County Detention* ) 
*Center*, ) 
 ) 
    Respondent. ) 

## REPORT AND RECOMMENDATION

On November 19, 2008, Christopher Lawrence Jeberk filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. 1.) Because petitioner has not shown that 28 U.S.C. § 2255 is an inadequate or ineffective remedy, the Court finds that his petition should be recharacterized and considered a successive § 2255

---

[1] The Court notes that petitioner did not use one of the application forms provided by the district courts for prisoners seeking habeas relief, but simply submitted a handwritten statement. As a result, some standard but important information concerning his previous petition filings was not presented for the Court's consideration, requiring the Court to seek out this information on its own.

motion. For the following reasons, this motion should be **DISMISSED**.

Jeburk seeks to attack a federal sentence and conviction for which he is still incarcerated. United States v. Jeberk, No. CR195-0058 (S.D. Ga. filed Nov. 16, 1995) (Docs. 42, 55). A petitioner who seeks to collaterally attack a federal sentence or conviction must proceed by motion pursuant to § 2255, unless he can establish the inadequacy or ineffectiveness of the § 2255 remedy. 28 U.S.C. § 2255(e). That is, the motion must be brought pursuant to § 2255 unless the petitioner satisfies the § 2255(e) savings clause. The Eleventh Circuit has held that the § 2255(e) savings clause applies when:

> (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion.

Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003) (citing Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Here, Jeburk alleges that § 2255 would be inadequate or ineffective in

this case, but he has not cited to any retroactively applicable Supreme Court decision holding that he was convicted of a nonexistent offense. (Doc. 1 at 5.) Nor has petitioner satisfied the other elements of the savings clause test. Petitioner has failed to demonstrate that the remedy provided for under § 2255 is in any way inadequate or ineffective; consequently, his claim does not fall within the savings clause and should be recharacterized as a §2255 motion.

This, however, is not the first §2255 motion that Jeburk has filed. In fact, he has a history of continuing to file motions for habeas relief even after courts have indicated to him that doing so is futile. On September 21, 1998, he filed a § 2241 petition in the Colorado District Court which was dismissed after that court found it actually was a § 2255 motion, not a § 2241 petition. Jeburk v. Hurley, No. CV198-2033 (D. Co. filed Sept. 21, 1998). Next, on September 13, 1999, he filed a § 2255 motion in this district which was dismissed by the Court for untimeliness. Jeburk v. United States, No. CV199-166 (S.D. Ga. filed Sept. 13, 1999). On June 7, 2001, he again filed a § 2255 motion in this district, which was

3

dismissed because it was found to be a successive petition. <u>Jeburk v. United States</u>, No. CV101-089 (S.D. Ga. filed June 7, 2001). On March 5, 2007, he filed a § 2241 claim in the Eastern District of California, which that court dismissed after it found that his claim did not qualify under § 2241, but was more accurately a § 2255 motion. <u>Jeburk v. United States</u>, No. CV107-354 (E.D. Calif. filed March 5, 2007).

Because the present petition is a §2255 motion in disguise, and is thus successive, the Court may not consider the motion without authorization from the Eleventh Circuit. According to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Stat. 1214, "before a second or successive application permitted by [§ 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); <u>see</u> 28 U.S.C. § 2255 (cross-referencing § 2244 certification requirement).

The Seventh Circuit has held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A

4

district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding district court lacked jurisdiction to consider second § 2254 petition); In re Medina, 109 F.3d 1556 (11th Cir. 1997) (holding district court properly denied successive petition because movant neglected to obtain certificate from federal appellate court authorizing consideration of motion).

Accordingly, it is recommended that the instant petition be construed as a motion made pursuant to 28 U.S.C. § 2255 and that it be **DISMISSED** as successive.

**SO ORDERED** this 7th day of January, 2009.

G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA